IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>MARIO LOPEZ-GARCIA<br><br>Defendant. | Case No. 1:CR-11-200-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

The Court has before it a motion to continue sentencing filed by defendant's newly retained counsel Hunt Garner. The motion was filed less than 24 hours before sentencing was to take place. Garner states that he was retained yesterday evening (April 4th), and cannot attend the sentencing because he is "performing a tour with the Air Force that would prevent his appearance before this Court on April 6th." In other words, Garner entered into an agreement to represent a client at a sentencing he knew (1) he could not attend and (2) likely would be unable to continue due to the last-minute nature of his request.

Up to this point, the defendant has been represented by Federal Public Defender Richard Rubin, an outstanding attorney with long experience in this Court. Rubin has filed a response to the pre-sentence report, and is prepared to represent the defendant at the sentencing as presently scheduled.

This Court has broad discretion to deny a motion to continue made on the eve of

**Memorandum Decision & Order - 1**

sentencing. *U.S. v. Lobo*, 2011 WL 1252312 (9th Cir. 2011). There is no evidence here that the defendant will be prejudiced in any way by having Rubin represent him. Garner's motion says nothing about any prejudice the defendant will suffer if the motion is denied. The Court's schedule is so busy that it brought in a Judge from another District to handle the sentencing calendar, including this case, and a continuance would disrupt that Judge's calendar and ensure a lengthy continuance. The last-minute nature of the motion – it was filed less than 24 hours before the presently scheduled sentencing – was not explained in the motion, other than that Garner was just retained last night. He knew at that time he could not attend the sentencing and must have advised his client that a last-minute continuance was highly unlikely. Thus, the denial of the motion cannot come as a surprise to any party.

The Court certainly weighed heavily the defendant's right to retain an attorney, and his right to retained counsel of his choice. But that right is not absolute. It must give way to the Court's administration of justice when (1) there is no evidence of prejudice to the defendant; (2) the defendant will receive excellent representation from Rubin; (3) the motion was filed less than 24 hours before the sentencing; and (4) a continuance would substantially disrupt the Court's administration of justice.

The Court does note that this decision rests on the assumption that Rubin can proceed at the sentencing. If, for any reason not now anticipated or known, Rubin is unable to proceed, or Judge Carter has any other reason to continue the hearing, Judge Carter is certainly able to continue the hearing at that time.

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to continue (docket no. 31) is DENIED.

**Memorandum Decision & Order - 2**



DATED: **April 5, 2012**

_____
B. LYNN WINMILL
Chief Judge
United States District Court